Steven A. Browne (CA State Bar No. 214444)
*sabrowne@wallerlaw.com*
WALLER LANSDEN DORTCH & DAVIS
333 S. Grand Avenue, Suite 1800
Los Angeles, California 90071
Telephone: (949) 362-3680
Facsimile: (949) 362-3679

John F. Triggs (Admited *Pro Hac Vice*)
*jft@iplawgroup.com*
WADDEY & PATTERSON, P.C.
1600 Division Street, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
GRAFTECH INTERNATIONAL HOLDINGS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| GRAFTECH INTERNATIONAL HOLDINGS INC., <br><br> Plaintiff, <br><br> vs. <br><br> JTPROFOUND TECHNOLOGY CO., LTD. and JING-WEN TZENG, <br><br> Defendant. | No. 8:08-CV-01412 DOC (RNBx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br><br> [JURY DEMAND] |

The parties to this Stipulated Protective Order (the "Order"), by and through their undersigned counsel, hereby agree as follows:

1. Any documents produced in the course of discovery relating to any issue in the above-styled case, pending before the United States District Court for the Central District of California (the "Action") which either Plaintiff GrafTech International Holdings Inc. or Defendants JTProfound Technology Co., Ltd. or Jing-Wen Tzeng designate at the time produced as confidential, shall be deemed "Confidential Information" and shall be used solely for the purpose of litigating this

STIPULATED PROTECTIVE ORDER

Action and any appeals therefrom, and shall not be disclosed or used for any business, commercial, competitive or other purpose. Any documents or testimony designated as Confidential Information shall not be revealed to, or made available for, inspection or copying by any person except under the terms of this Order.

2. This Order shall also govern all Confidential Information produced during discovery by nonparties, where the nonparty or a party requests the protections provided by this Order. Reference to a "party" in this Order shall include nonparties that invoke the protections of this Order.

3. If justice requires protective measures to protect nonpublic commercially-sensitive or trade secret information, any party may, if counsel for the designating party has a good faith belief that the document and other material is entitled to protection under this Order, designate that information as "Confidential," including, but not limited to:

    a. Information or materials that any party reasonably believes constitutes or discloses trade secrets or other confidential research, development, or commercial information, which it is entitled to be maintained in confidence;

    b. Business, marketing, product development, or strategic plans, or similar information, relating to any actual or potential product or service;

    c. Information reflecting or relating to financial data, including, but not limited to, documents concerning revenues, costs, profits, sales, projections and return on investment;

    d. Information reflecting or relating to visual or design depictions of any actual or potential product or service, including, but not limited to, charts, diagrams, line drawings, sketches and photographs;

    e. Nonpublic information reflecting or relating to copyrights, patents, patent applications, trademarks or trademark applications; and

    f. Information reflecting or referring to consultants, manufacturers, suppliers, dealers and customers.

Designation of information as "Confidential" shall be made by stamping or otherwise placing the legend "CONFIDENTIAL" on the material in a manner that will not interfere with its legibility. Multi-paged Confidential materials that are bound together need only have the legend "CONFIDENTIAL" stamped or otherwise placed on the first page. If the Confidential materials cannot have the legend "CONFIDENTIAL" stamped or otherwise placed thereon, it will be designated "Confidential" in a manner to be agreed upon.

  4. At the option of the producing party, Confidential Information pursuant to the paragraph 3 above may be further designated as "ATTORNEYS EYES ONLY" if it includes non-public testimony, information, documents, data and other things which constitute confidential business or technical information which is reasonably considered by the producing party to be highly sensitive as it contains competitive business information the disclosure of which to the public or to the receiving parties may harm the producing party. Such a designation shall be made in a manner similar to that set forth in paragraph 3 above, except the phrase ATTORNEYS EYES ONLY" shall be added. Confidential Information that has been further designated "ATTORNEYS EYES ONLY" in the manner set forth in this paragraph shall be subject to all the provisions of this Order regarding "Confidential" Information, and shall be further subject to the restricted access set forth below in paragraph 6. Care shall be taken by the party producing discovery to use the designation "ATTORNEYS EYES ONLY" only where necessary to fairly protect the business of the impacted party.

  5. No persons other than those within the categories listed below shall be permitted to have access to Confidential Information without the written consent of the producing party, through its respective legal counsel. Confidential Information shall be used by the receiving parties solely in connection with this Action. The

receiving parties shall not produce, disclose, show, make available, discuss, or otherwise communicate Confidential Information in any way to any person except as follows:

    a.    Counsel for the parties and their support personnel whose functions require access to such material;

    b.    Not more than three Company representatives for each party, who have been designated as such by the respective parties;

    c.    Outside vendors who perform imaging, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services;

    d.    Court reporters and other persons engaged in preparing transcripts of testimony for this action; and

    e.    Independent, outside experts, who have been designated as such by the respective parties, who are retained for hearings or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action and are not a competitor of the party designating the material as "Confidential," and who have complied with the procedures set forth in Paragraph 7.

No information designated as "CONFIDENTIAL" may be disclosed to persons identified in subparagraph (e) until they have reviewed this Order and either executed an undertaking in the form **Exhibit 1**, attached hereto, or agreed on the record at a deposition, to be bound by its terms.

    6.    The Confidential Information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed to all persons identified in paragraphs 5(a), and 5(c)-(e) above.  Information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may not be disclosed to persons identified in paragraph 5(b).  No information designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed to persons

identified in subparagraph (e) of subparagraph 5, until they have complied with the procedures set forth in Paragraph 7, reviewed this Order and either executed an undertaking in the form of **Exhibit 1** attached hereto, or agreed on the record at a disposition, to be bound by its terms.  In the event a deposition is noticed pursuant to Rule 30(b)(6), if the designated corporate representative for the deposition is not a person previously designated under Paragraph 5(b) of this Order, and testimony or preparation of the corporate representative or representatives requires disclosure of information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY," counsel for the receiving party shall be entitled to share such information with the corporate representative but only to the extent that such counsel believes, in good faith, that such information is necessary to prepare the representative or representatives to testify.

7. The right of any independent expert identified in paragraph 5(e) and referenced in paragraph 6 above to receive any information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be subject to the advance approval of such expert by the producing party or by permission of the Court.  The party seeking approval of an independent expert first must provide to the producing party: (1) the full name of the independent expert and the city and state of his or her primary residence; (2) a copy of the independent expert's current resume and/or curriculum vitae; (3) a written identification of the expert's current employer(s); (4) a written identification of each person or entity from whom the expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years; and (5) the name and action number of the case, filing date, and location of any court concerning any litigation in connection with which the expert has provided any professional services during the preceding five years.

8. Unless otherwise agreed to in writing by a producing party (at its own discretion), any expert witness in this action who sees, reviews, or substantively discusses the content of information of another party designated hereunder as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall neither (i) participate in the prosecution of any patent application pertaining to thermal management or heat spreading technology on behalf of any party to this action (including predecessors, employees, parents, subsidiaries, divisions, successors, or affiliates of the receiving party, or any entity having a controlling interest in the patent-in-suit), nor (ii) serve as an employee, officer, director or consultant on behalf of any party to this action (including predecessors, employees, parents, subsidiaries, divisions, successors, or affiliates of the receiving party, or any entity having a controlling interest in the patent-in-suit), from the date of entry of this Order until two years after the conclusion of this Action (including appeals) or two years after the conclusion of the expert witness's involvement therewith, whichever comes first. The limitation set forth in section (ii) of this sub-paragraph is not intended to limit an expert witness retained by either party to this litigation from serving as an expert witness in any other litigation brought by or against a party to this action (including predecessors, employees, parents, subsidiaries, divisions, successors, or affiliates of the receiving party, or any entity having a controlling interest in the patent-in-suit).

9. Deposition testimony will be treated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" from the time such testimony is given until 20 days after receipt of the transcript of the deposition. Upon the expiration of the 20-day period following receipt of the deposition transcript, the testimony shall revert to unprotected status unless it was expressly designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY"

    a. by an appropriate indication made on the record at the deposition, or

      b.    by written notice of the specific transcript pages and lines of testimony provided within 20 days after receipt of the transcript of the deposition.

10.    Nothing in this Order shall be deemed to prohibit disclosure of any document designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to such persons as appear on the face of the document to be its author or a recipient, provided that any portion of the document which such persons may not have seen is redacted.

11.    Nothing in this Order shall constitute a waiver of a party's right to object to the production of Confidential Information on grounds other than confidentiality or to demand more stringent restrictions upon the treatment and disclosure of any Confidential Information on the ground that it contains particularly sensitive information.

12.    Nothing in this Order shall limit or affect the right of a party to disclose or to authorize disclosure of Confidential Information produced by that party. Any party may apply to the Court for modification of this Order at any time.

13.    If a party, through inadvertence, produces any information without labeling or marking or otherwise designating it as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with the provisions of this Order, the designating party may give written notice to the receiving party that the information produced is deemed Confidential and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such information as Confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, of Confidential Information to persons not authorized to receive such shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall notify the other party in writing of all such unauthorized persons to whom such disclosure was made. The receiving party shall attempt in good faith to retrieve from such

1 unauthorized person and protect such inadvertently produced Confidential
2 Information. Failure to designate information prior to disclosure as Confidential
3 shall not be deemed a waiver in whole or in part of a party's claim of
4 confidentiality, either as to the specific information disclosed or to any other
5 information relating thereto.

6     14. Nothing contained in this Order shall be construed to require
7 production of information that is privileged or otherwise protected from discovery
8 for other reasons. If privileged or protected information is inadvertently produced,
9 such production shall not be deemed a waiver, and the producing party may, by
10 timely notice, assert the privilege or protection and request the return of the
11 materials. Upon receipt of such notice, the receiving party shall immediately
12 undertake to gather the original and all copies of the information and shall
13 immediately return the original and all copies to the producing party. Return of
14 such information to the producing party shall not preclude the receiving party from
15 later moving to compel production of the produced information.

16     15. Neither the termination of this action nor the termination of
17 employment of any person who had access to any Confidential Information shall
18 relieve any person from the obligation of maintaining both the confidentiality and
19 the restrictions on use of anything disclosed pursuant to this Order.

20     16. This Order shall not restrict the right of any party hereto to challenge a
21 "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY"
22 designation, or lack of designation, by motion, by statement made on the record, or
23 by stipulation of the parties. Any such challenge made by motion must comply
24 strictly with Local Rules 37-1 and 37-2 (including the Joint Stipulation
25 requirement).

26     17. This Order shall not be construed as a waiver by any party to this
27 Action of any objection which may be raised as to the inadmissibility of any
28 evidentiary material.

1    18.    This Order shall not limit or prejudice the rights of any party to oppose
2    disclosure of any information on any appropriate ground.
3    19.    Following the final resolution of this Action and all appeals therefrom,
4    all Confidential Information, including all copies, shall be destroyed or returned to
5    the producing party within ninety (90) days after the receipt by the party in
6    possession of Confidential Information of a written demand from the producing
7    party for such return.  Notice of intent to destroy produced information shall be
8    given in writing to the producing party, and receipt of returned Confidential
9    Information shall be acknowledged in writing by the recipient.
10   20.    The provision of this Order restricting the communication and use of
11   information designated "CONFIDENTIAL" or "CONFIDENTIAL—
12   ATTORNEYS' EYES ONLY" produced hereunder shall continue to be binding on
13   all parties hereto and their attorneys following the final resolution of this Action
14   and all appeals therefrom.
15   21.    No party concedes that any material designated by any other person as
16   "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" does
17   in fact contain or reflect trade secrets, proprietary or confidential information, or
18   has been properly designated.  Any party may at any time move under Local Rules
19   37-1 and 37-2 for relief from the provisions of this Order with respect to specific
20   material which that party believes has been improperly designated as
21   "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  The
22   Court retains the right to allow disclosure of any subject covered by the Order or to
23   modify this Order in the interest of justice and is not bound by any party's
24   "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY"
25   designation.
26   22.    Nothing in this Order shall affect in any way any party's rights to offer
27   information designated "CONFIDENTIAL" or "CONFIDENTIAL—
28   ATTORNEYS' EYES ONLY" into evidence during trial or at any hearing in the

above-captions matter nor shall it modify any party's rights to object to the introduction of such information.

23. This Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any document or other items or information, or of any right that any party may have to assert such privilege at any stage of the proceedings. Nor shall this Order be construed as a limitation on the right of any party to discovery to which it is entitled under the applicable rules of civil procedure. Nothing contained within this Order shall be construed as a concession by any party of the relevance or lack of relevance of any information or documents or other items.

24. In addition to the above provisions, if at any time during this Action the parties decide to exchange certain Confidential Information pursuant to an informal information exchange for purposes of exploring a potential resolution of this Action prior to the final trial, any Confidential Information that is produced by either party to the other solely pursuant to this informal information exchange shall be treated in a manner so as to preserve the confidential nature of the materials produced and may be marked with a statement in substantially the following form:

> CONFIDENTIAL MATERIAL – FOR SETTLEMENT PURPOSES ONLY. This document contains information that is subject to a Stipulated Protective Order between the parties in the action styled *GrafTech International Holdings Inc. v. JTProfound Technology Co. Ltd. et al*, Civil Action No. SACV 08-1412-DOC (RNBx) (C.D. Calif.) and should not be disclosed to anyone other than the parties and their counsel.

The parties may agree to other language as agreed by the parties. Further, Confidential Information exchanged solely pursuant to such potential informal information exchange shall be deemed for settlement purposes only and nothing

designated "CONFIDENTIAL MATERIAL – FOR SETTLEMENT PURPOSES ONLY" pursuant to this paragraph shall constitute, nor be construed as, an admission of liability or wrongdoing or an admission of any issue of law or fact, nor shall it be used for any purpose or offered into evidence for any purpose. Finally, all Confidential Information designated and exchanged pursuant to this paragraph must be returned, including all copies thereof, immediately upon the request of the producing party in the event there is no settlement of this Action.

25. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

26. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

IT IS SO ORDERED, this <u>8th</u> day of <u>July</u>, 2009.

_____
HON. ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| GRAFTECH INTERNATIONAL HOLDINGS INC., <br>     Plaintiff, <br> vs. <br> JTPROFOUND TECHNOLOGY CO., LTD. and JING-WEN TZENG, <br>     Defendant. | No. 8:08-CV-01412 DOC (RNBx) <br><br> **CONFIDENTIALITY ACKNOWLEDGEMENT** |

    1.    I have been provided with and read the Stipulated Protective Order entered by the Court governing the restricted use of CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY materials in this legal action. Having reviewed the Stipulated Protective Order and having understood it, I expressly agree to be bound by the terms of the Stipulated Protective Order, including without limitation the provisions set forth in paragraph 8.

    2.    I agree that I will not utilize any documents marked with the legend CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, the information contained in such documents, or any information I learn about such documents by attendance at hearings or depositions, review of transcripts or discussion with others, for any purpose other than this litigation and as permitted under the Stipulated Protective Order. I further affirm that I will not reveal the CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY materials to, nor discuss those materials with, anyone except in accordance with the express terms of the Stipulated Protective Order.

3. I agree that at the termination of this litigation I will promptly return to the attorney providing confidential materials to me all the documents marked with the legend CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY.

4. I submit to the jurisdiction of the Court as necessary to enforce the provisions of the Stipulated Protective Order, I am subject to punishment including a possible contempt citation by the Court.

SIGNED: _____

NAME: _____

Dated: _____