Steven A. Browne (CA State Bar No. 214444)   JS-6
sabrowne@wallerlaw.com
Waller Lansden Dortch & Davis
2222 6th St., Suite B
Santa Monica, CA 90405
Telephone:  (310) 804-6691
Facsimile:   (310) 399-1508

John F. Triggs (Admitted *Pro Hac Vice*; TN BPR No. 026718)
jft@iplawgroup.com
WADDEY & PATTERSON, P.C.
1600 Division Street, Suite 500
Nashville, Tennessee 37203
Telephone:  (615) 242-2400
Facsimile:   (615) 242-2221

Attorneys for Plaintiff
GRAFTECH INTERNATIONAL HOLDINGS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| GRAFTECH INTERNATIONAL HOLDINGS INC., <br><br> Plaintiff, <br><br> vs. <br><br> JTPROFOUND TECHNOLOGY CO., LTD. and JING-WEN TZENG, <br><br> Defendant. | No. SA CV08-01412 DOC (RNBx) <br><br> **[PROPOSED] STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** <br><br> Trial Date: November 9, 2010 <br> Time:  8:30 a.m. <br> Courtroom: 9D <br> Judge:  David O. Carter |

Having reviewed the parties' Stipulation for Entry of Final Judgment and Permanent Injunction, being fully informed in the premises and for good cause shown, the Court makes the following findings and orders:

1. Plaintiff GrafTech International Holdings, Inc. ("GTI") is a Delaware corporation having a principal place of business at 12900 Snow Road, Parma, Ohio 44130.

/ / /

/ / /

2. Defendant JTProfound Technology Co., Ltd. ("JTP") is a Taiwanese corporation having a principal place of business in Taiwan.

3. Defendant Jing-Wen Tzeng ("Tzeng") is an individual residing in this judicial district.

4. This Court has personal jurisdiction over JTP and Tzeng (collectively, "Defendants").

5. This Court has subject matter jurisdiction over the claims asserted in GTI's Complaint pursuant to 28 U.S.C. §§1331 and 1338.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391.

7. GTI is the owner by assignment of U.S. Patent Nos. 6,482,520; 6,982,874; 7,166,912; 7,276,273; and 7,292,441 (collectively, "the GTI patents").

8. GTI pioneered the use of sheets of compressed particles of exfoliated natural graphite within compact electronics, such as cellular telephones, laptop computers, and the like, to solve the problem of how to effectively dissipate heat from heat-generating components within such devices without harming adjacent components. GTI created the market for the use of this material for electronic thermal management, and the GTI patents are directed to such sheets and/or to their use.

9. Defendants have offered for sale in the United States certain products comprising sheets of compressed particles of exfoliated natural graphite, known generally as "Expanded Graphite Sheets." Specific examples of Expanded Graphite Sheets that Defendants have offered for sale to Apple, Inc., and to Palm, Inc., are shown in the photographs below. These products were to be used in electronic devices to dissipate heat from heat-generating components without harming adjacent components. In particular, the Apple iPhone and the Palm Pre were the intended devices in which the products shown below were to be used.

/ / /

/ / /



| Offered for Sale to Palm, Inc. | Offered for Sale to Apple, Inc. |

10. Defendants' acts of offering Expanded Graphite Sheets for sale in the United States constitute acts of direct and/or indirect infringement of at least the following claims of the GTI Patents:

    a. claims 1-3, 5-6 and 18 of U.S. Patent No. 7,166,912 ("the '912 patent");

    b. claims 1 and 24 of U.S. Patent No. 6,482,520 ("the '520 patent"); and

    c. claim 11 of U.S. Patent No. 6,982,874 ("the '874 patent").

11. The claims of the GTI patents are valid.

12. The GTI patents are enforceable.

13. The entry of this judgment fully and finally resolves, for purposes of *res judicata* and collateral estoppel, any and all issues of validity, infringement, and enforceability of the GTI patents *vis-à-vis* the Expanded Graphite Sheets or any colorable imitation thereof.

14. The entry of this judgment also fully and finally resolves, for purposes of *res judicata* and collateral estoppel, any and all issues of validity and enforceability of the GTI patents *vis-à-vis* any sheets of compressed particles of exfoliated natural graphite now or hereafter made, used, sold, offered for sale or imported in or into the United States by Defendants or their agents, employees or affiliates. Defendants shall not hereafter directly or indirectly contest the validity or enforceability of any of the

1 claims of the GTI patents in any subsequent litigation brought to enforce the GTI
2 patents with respect to any article or method.

3     15. GTI will suffer irreparable harm if a permanent injunction does not issue in
4 the form set forth in this Final Judgment and Permanent Injunction.

5     16. The balance of hardships and public policy favor the issuance of a
6 permanent injunction in favor of GTI.

7     17. The Court hereby enters final judgment in favor of GTI and against
8 Defendants on Counts I and II of the Complaint as specified above and dismisses with
9 prejudice Count II as to the '441 and '273 patents, and dismisses with prejudice Counts III,
10 IV, and V of the Complaint.

11     18. The Court hereby permanently enjoins Defendants, their officers, agents,
12 servants, employees, and all persons acting in active concert or participation with them
13 who receive actual notice of this injunction by personal service or otherwise, from
14 making, using, selling, offering to sell or importing any product, material or article that
15 infringes claim 1, 2, 3, 5 or 6 of the '912 patent, and from making, using, selling,
16 offering to sell or importing any product, material or article that, when incorporated into
17 an electronic device, infringes claim 18 of the '912 patent; or claim 1 or 24 of the '520
18 patent; or claim 11 of the '874 patent.

19     19. The terms of the Settlement Agreement between the parties and this
20 judgment are to be construed together.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

20. All parties shall bear their respective attorneys' fees and costs.

21. The Court shall maintain jurisdiction over this action for purposes of enforcement of the Final Judgment and Permanent Injunction and the Settlement Agreement between the parties.

Respectfully submitted and STIPULATED TO this the 2nd day of October, 2009, by:

| | |
|---|---|
| /s/ | /s/ |
| John F. Triggs (Admitted *Pro Hac Vice*) | Joseph C. Andras |
| (TN BPR No. 026718) | (CA State Bar No. 138181) |
| WADDEY & PATTERSON, P.C. | Vic Y. Lin |
| 1600 Division Street, Suite 500 | (CA State Bar No. 192292) |
| Nashville, Tennessee 37203 | MYERS ANDRAS SHERMAN L.L.P. |
| (615) 242-2400 | 19900 MacArthur Blvd., Suite 1150 |
| (615) 242-2221 facsimile | Irvine, California 92612 |
| | (949) 223-9600 |
| Steven A. Browne | (949) 223-9610 facsimile |
| (CA State Bar No. 214444) | |
| WALLER LANSDEN DORTCH & DAVIS | Attorneys for JTProfound Technology Co., |
| 333 S. Grand Avenue, Suite 1800 | Ltd. and Jing-Wen Tzeng |
| Los Angeles, California 90071 | |
| (213) 362-3680 | |
| (213) 362-3679 facsimile | |

Attorneys for GrafTech International Holdings Inc.

IT IS SO ORDERED this 21 day of October, 2009.

BY THE COURT

*David O. Carter*

_____
HON. DAVID O. CARTER
UNITED SATES DISTRICT JUDGE

-5-
FINAL JUDGMENT AND PERMANENT INJUNCTION